CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur in that portion of the main opinion that affirms the summary judgment in favor of Bibb County. The County’s motion for a summary judgment alleged that the plaintiffs had failed to comply with the relevant statute of limitations for filing complaints against the county, and the plaintiffs filed nothing in opposition to that motion.
I dissent, however, from, the majority’s reversal of the summary judgments in favor of Nelson, North Bibb Realty, and First Real Estate. I believe that any alleged misrepresentations by those defendants fell into the category of promissory fraud, and the plaintiffs produced no evidence that the defendants intended to deceive at the time the statements were made. Although the main opinion characterizes the statements as representations of existing fact or law, cf. Empiregas, Inc. v. Hardy, 487 So.2d 244 (Ala.1985), it is clear thát the statements related to an act to be performed in the future — i.e., that the County would pave the roads. Therefore, the plaintiffs were required to prove an actual intent to deceive. See Ballew v. Charter Realty ERA, 603 So.2d 877 (Ala.1992).
In Ballew, the plaintiffs sued Crigger, a real estate agent, alleging that Crigger had fraudulently misrepresented that there would be no problem with the plaintiffs’ loan being approved by Altus Bank. In fact, the bank did not approve the loan and the transaction fell through. The trial court directed a verdict for Crigger; the supreme court affirmed the resulting judgment, holding that the plaintiffs “presented no evidence that Crig-ger knew, when they executed the lease-sale agreement, that Altus would not approve the loan.” 603 So.2d at 881. The court concluded:
“Because Crigger was speaking of an act to take place in the future, the Ballews must prove not only falsity, reliance, and loss or damage, but also that when the statement was made there was an actual fraudulent intent not to perform the act promised and an intent to deceive the plaintiff.” ’

Id.

In this case, the plaintiffs presented no evidence that Linda Nelson knew, when she *1208 stated that the county would pave the road, that the county would not pave the road. In fact, the evidence was undisputed that Nelson thought the county would pave the road.
I would affirm all the summary judgments entered by the trial court.
THOMPSON, J., concurs.